UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Royal Love-Camp,<br><br>   Petitioner<br><br>v.<br><br>Jeremy Bean, et al.,<br><br>   Respondents | Case No.: 2:24-cv-00141-JAD-NJK<br><br>**Order Denying<br>Motion to Dismiss**<br><br>[ECF No. 21] |

Petitioner Royal Love-Camp brings this counseled first amended 28 U.S.C. § 2254 federal habeas petition,[1] challenging his 2018 state-court conviction for second-degree murder with use of a deadly weapon and discharging a firearm into an occupied vehicle. Respondents move to dismiss Grounds 7 and 9–13 of the amended petition as unexhausted or procedurally defaulted.[2] Because I find that Ground 7 is exhausted, and I defer consideration of whether Love-Camp can demonstrate cause and prejudice under *Martinez v. Ryan*[3] to overcome the procedural default of Grounds 9 through 13 until the merits determination, I deny the motion.

## Background

In December 2016, sixteen-year-old Love-Camp, his brother Royian and their friend Eric Jones were on a bus in Las Vegas when Jones began speaking to a young woman on the bus.[4] The young woman's boyfriend, Jonathan Potter, came from the back of the bus, sucker-punched

---

[1] ECF No. 13.
[2] ECF No. 21.
[3] *Martinez v. Ryan*, 566 U.S. 1 (2012).
[4] ECF No. 16-19 at 2.

Jones, and yelled at the trio to get off the bus.[5]  As they exited the bus, Love-Camp drew his firearm and shot into the bus from the rear passenger doors, striking and killing Potter.[6]

Following a five-day trial, the jury returned a guilty verdict for second-degree murder with use of a deadly weapon and discharging a firearm at or into an occupied vehicle.[7]  The state district court sentenced Love-Camp to an aggregate term of 12 years to life.[8]  The Nevada Supreme Court affirmed the judgment of conviction on direct appeal.[9]

Love-Camp filed a state habeas petition, which was denied after an evidentiary hearing.[10]  The Nevada Court of Appeals affirmed that denial.[11]  Love-Camp filed a *pro se* federal habeas petition,[12] counsel was appointed, and he filed an amended (counseled) petition asserting thirteen claims (with Ground 13 broken into several subclaims) for relief:

> Ground 1: The court violated Love-Camp's right to due process and to present a defense under the Fifth, Sixth, and Fourteenth Amendments when it refused to give an instruction on justifiable homicide.
>
> Ground 2: Counsel was ineffective for meeting with Love-Camp just once prior to trial at the jail and failing to establish any relationship with him before trial, in violation of Love-Camp's constitutional rights to effective assistance of counsel and to present a defense under the Fifth, Sixth, and Fourteenth Amendments.
>
> Ground 3: Counsel was ineffective for failing to investigate or hire proper experts to properly defend Love-Camp in violation of his constitutional rights to the effective assistance of counsel and to present a defense under the Fifth, Sixth, and Fourteenth Amendments.

---

[5] *Id.*
[6] *Id.*
[7] ECF No. 15-44.
[8] *Id.*
[9] ECF No. 16-19.
[10] ECF Nos. 16-24, 17-13.
[11] ECF No. 17-39.
[12] ECF No. 1.

Ground 4: Counsel was ineffective for failing to present evidence of Love-Camp's PTSD to the jury in support of his theory of self-defense, in violation of his constitutional rights to effective assistance of counsel and to present a defense under the Fifth, Sixth, and Fourteenth Amendments.

Ground 5: Counsel was ineffective for failing to request the appropriate jury instruction on defense of others under NRS 200.160, in violation of Love-Camp's constitutional rights to effective counsel and due process under the Fifth, Sixth, and Fourteenth Amendments.

Ground 6: Counsel was ineffective for failing to make timely objections to repetitive, cumulative questioning by the prosecution about whether Potter had or appeared to have a gun, in violation of Love-Camp's constitutional right to effective counsel under the Sixth and Fourteenth Amendments.

Ground 7: Counsel failed to request a limiting instruction or mistrial when a witness testified to a legal conclusion, in violation of Love-Camp's constitutional right to effective assistance of counsel and a fair trial under the Fifth, Sixth, and Fourteenth Amendments.

Ground 8: Counsel was ineffective for failing to object to the State's prosecutorial misconduct, in violation of Love-Camp's right to effective assistance of counsel and a fair trial under the Fifth, Sixth, and Fourteenth Amendments.

Ground 9: Counsel was ineffective for failing to discuss the plea offer with Love-Camp and explain a possible life sentence, in violation of Love-Camp's constitutional right to effective assistance of counsel under the Sixth and Fourteenth Amendments.

Ground 10: Counsel was ineffective for failing to have Love-Camp testify, in violation of Love-Camp's constitutional right to effective assistance of counsel under the Sixth and Fourteenth Amendments.

Ground 11: Counsel was ineffective for failing to object to Jury Instruction No. 19 in violation of Love-Camp's constitutional rights to due process and effective counsel under the Fifth, Sixth, and Fourteenth Amendments.

Ground 12: Counsel was ineffective for failing to hold the prosecution to its burden or move for a mistrial when it became clear that witness Eileen Johnson had conversed with two jurors in violation of Love-Camp's right to effective assistance of counsel and a fair trial under the Fifth, Sixth, and Fourteenth Amendments.

Ground 13: Trial counsel was ineffective at sentencing in violation of Love-Camp's constitutional rights under the Sixth and Fourteenth Amendments because:

    A.  Counsel failed to object to the state court's failure to consider the factors under NRS 176.017(a) or to exercise its discretion to reduce Love-Camp's sentence by up to 35% below the mandatory minimum under NRS 176.017(b).

    B.  Counsel failed to introduce Love-Camp's mental-health history or information about his upbringing.

    C.  Counsel failed to object when the court erroneously implied to the victim's mother that a life tail was statutorily mandated.[13]

Respondents move to dismiss Grounds 7, 9, 10, 11, 12, and 13 as unexhausted or procedurally defaulted.[14] They contend that Love-Camp failed to fairly present these claims before the state courts.[15] As for Grounds 9 through 13, respondents assert that because Love-Camp acknowledges that these claims are unexhausted, Grounds 9 through 13 are technically exhausted and Love-Camp cannot establish good cause and prejudice to overcome the procedural default.[16] In a counseled opposition, Love-Camp opposes the motion.[17]

## Discussion

**A.  Habeas petitioners must first exhaust their claims in state court before seeking federal habeas review.**

A state prisoner first must exhaust state-court remedies on a habeas claim before

---

[13] ECF No. 13.

[14] ECF No. 21. In their reply, the respondents clarified that they inadvertently included an allegation of untimeliness in their introduction in their motion to dismiss and do not contend the timeliness of the amended petition. *See* ECF No. 31, n 1.

[15] ECF No. 21 at 5.

[16] *Id*. at 9–10.

[17] ECF No. 28.

presenting that claim to the federal courts.[18]  This rule ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees.[19]  To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state-court level of review available.[20]

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'"[21]  "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'"[22]

**B.   Ground 7 is exhausted.**

In Ground 7, Love-Camp alleges that trial counsel rendered ineffective assistance by failing to request a limiting instruction or a mistrial when a witness testified to a legal conclusion.[23]  Respondents argue that Love-Camp adds a new factual allegation that the witness, Eileen Johnson, spoke to a juror in the hallway about their shared interest in sports.[24]  Love-Camp asserts that the additional allegation that Johnson had *ex parte* communication with a juror

---

[18] 28 U.S.C. § 2254(b)(1)(A).

[19] *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

[20] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

[21] *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[22] *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

[23] ECF No. 13 at 20.

[24] *Id*. at 21.

does not substantively change the claim because it merely expands on the allegations that Johnson's testimony was "highly prejudicial and inflammatory."[25]

The additional allegation that Johnson had *ex parte* communications with a juror does not fundamentally alter the claim that trial counsel rendered ineffective assistance for failure to request a limiting instruction or mistrial because the witness testified as to a legal conclusion. Love-Camp alleges that Johnson's communication with the juror likely caused the juror to view her testimony more favorably.[26] Because the additional allegation does not fundamentally alter the claim, I find that Ground 7 is exhausted.

### C. Grounds 9 through 13 are procedurally defaulted, but the court defers the question of whether Love-Camp can overcome that default until the merits analysis.

Respondents argue that Grounds 9 through 13 are procedurally defaulted. All of these grounds allege that Love-Camp's trial counsel rendered ineffective assistance based on an error or omission. Love-Camp does not dispute that the claims are procedurally defaulted, but he argues that the defaults can be excused under *Martinez*. The United States Supreme Court held in *Martinez* that ineffective assistance of state post-conviction counsel, or the lack of counsel in state post-conviction proceedings, possibly can excuse a procedurally defaulted claim of ineffective assistance of trial counsel. A petitioner must demonstrate that (1) the claim of ineffective assistance of trial counsel is substantial; (2) ineffective assistance of post-conviction counsel (or lack of counsel) is the cause of the default; (3) the postconviction proceedings were the initial review proceedings for the ineffective assistance of trial counsel claim; and (4) state

---

[25] ECF No. 28 at 5-6.

[26] ECF No. 13 at 21.

6

law requires, or practically requires, that the claim be raised in the initial postconviction proceedings.[27]

The parties agree that this court may conduct its *Martinez* analysis after the underlying ineffective assistance of counsel claims have been briefed on their merits.[28] I find that a cause-and-prejudice analysis under *Martinez* for Love-Camp's unexhausted claims in Ground 9 through 13 is appropriate here, but I'll wait to resolve it until after the parties have answered and replied, addressing the claims on their merits. That way, I will have the benefit of analyzing all of Love-Camp's claims against a fully developed factual and legal backdrop.[29]

## Conclusion

IT IS THEREFORE ORDERED that the motion to dismiss **(ECF No. 21) is DENIED**. A decision on whether Grounds 9 through 13 are procedurally defaulted is deferred to the merits review. Respondents may reassert the procedural default argument with respect to those claims in their answer.

IT IS FURTHER ORDERED that the respondents have until **February 16, 2026, to file an answer to Love-Camp's first amended habeas petition**. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and must comply with Rule 5 of the Rules Governing Proceedings in the United State District Courts under 28 U.S.C. § 2254.

---

[27] *Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

[28] ECF No. 28 at 14-15, ECF No. 31 at 5.

[29] I emphasize that the court takes this action on the premise that the petitioner has a potentially viable argument for cause and prejudice based on *Martinez*—and only *Martinez*. If the petitioner offers other cause-and-prejudice arguments, then I will return to a procedural posture where the next step instead is dictated by *Rose v. Lundy*, 455 U.S. 509 (1982), and its progeny.

7

IT IS FURTHER ORDERED that Love-Camp will have **60 days** from the date of service of the answer to file his reply.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: December 15, 2025